(No. 81-CV-0529-)

*In re* APPLICATION OF GEORGIA SIMMS.

*Opinion filed November 8, 1983.*

GEORGIA SIMMS, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALS-

BURG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of a criminal offense which occurred on March 9, 1980, at the victim's place of employment at 2211 East 71st Street, Chicago, Illinois.

Claimant seeks compensation pursuant to the provisions of the Crime Victims Compensation Act (Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*), hereinafter referred to as the Act.

Based upon the request of the Attorney General this claim was assigned to a commissioner for the taking of evidence.

On September 20, 1983, a hearing was held before Commissioner John R. Fielding, where the following facts were established by a preponderance of the evidence.

1. That Charles Simms, age 68, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: aggravated kidnaping (Ill. Rev. Stat. 1979, ch. 38, par. 10—2).

2. That on March 9, 1980, the victim was abducted by an unknown offender during the course of an armed robbery. The incident occurred at the victim's place of employment located at 2211 East 71st Street, Chicago,

Illinois. On March 10, 1980, the victim's body was found in the middle of a roadway in Highland, Indiana. An investigation by Highland, Indiana, police determined that the victim may have been shot in Indiana. The victim was taken to the Community Hospital of Munster where he was pronounced dead on arrival. The offender has not been apprehended.

3. That the Claimant seeks compensation for funeral, medical/hospital expenses, and loss of support for herself.

4. That although the death of the victim may have occurred outside of the jurisdiction of Illinois, his death would not have occurred but for the fact that he was kidnaped in Illinois. Therefore, the victim's medical and funeral expenses and loss of support suffered by his wife are reasonable expenses related to a crime committed in Illinois.

5. That the Claimant incurred funeral and burial expenses as a result of the victim's death in the amount of $2,288.00. Pursuant to section 2(h) of the Act, funeral and burial expenses are compensable to a maximum amount of $2,000.00. Ill. Rev. Stat. 1979, ch. 70, par. 72(h).

6. That the Claimant incurred medical/hospital expenses in the amount of $458.75, $367.00 of which was paid by Medicare, leaving a balance of $91.75 which the Claimant has paid.

7. That the Claimant, Georgia Simms, was dependent upon the victim for support.

8. That the victim was employed by the Washing Machine prior to his death and his average monthly earnings were $200.00.

9. That section 2(h) of the Act states ". . . loss of

support shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less."

10. That the victim was 68 years of age at the time of the crime. According to the U.S. Department of Health, Education and Welfare, *Vital Statistics of the United States*, 1976, Life Tables, volume II, his life expectancy would have been 80.2 years. The projected loss of support for 12.2 years is $29,280.00, which is in excess of $15,000.00 which is the maximum amount compensable under section 10.1(f) of the Act. Ill. Rev. Stat., ch. 70, par. 80.1(f).

11. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal Medicare, State Public Aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal social security payments payable to dependents of the victim, and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

12. That the Claimant has received $450.00 from the Veterans Administration and $255.00 from the Social Security Administration in reimbursements for burial benefits as a result of the victim's death that can be counted as an applicable deduction under section 7.1 of the Act. Ill. Rev. Stat., ch. 70, par. 77.1.

13. That after making all applicable deductions, the Claimant's pecuniary loss resulting from the victim's

death is in excess of $15,000.00 maximum allowed in section 10.1(f) of the Act.

14. That the Claimant's best interests would be best served if the award hereunder is paid pursuant to the installment provision of section 11.1 of the Act, to be paid and disbursed to her as follows:

(a) $7,500.00 (seven thousand five hundred dollars) to be paid in a lump sum;

(b) Ten (10) monthly payments of $750.00 (seven hundred fifty dollars) each to be paid for the Claimant's use and benefit;

(c) In the event of the death or marriage of the Claimant, it is the duty of the personal representative of the Claimant to inform this court in writing of such death or marriage for the purpose of the possible modification of the award.